UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TI INVESTORS OF WISCONSIN, LLC,

       Plaintiff,

v.

XFPG, LLC, FOCUS PRODUCTS GROUP
INTERNATIONAL, LLC,
BANK OF AMERICA, N.A.,
LBC CREDIT PARTNERS, INC., and
CENTRE LANE PARTNERS, LLC,

       Defendants.

Case No. 13-CV-520-JPS

ORDER

---

    The defendants removed this case from Kenosha County Circuit Court on May 8, 2013, and shortly thereafter moved to dismiss the matter for failure to state a claim. (Docket #1, #2, #5, #9). The plaintiff, TI Investors of Wisconsin, LLC ("TI Investors"), then filed a motion to remand this matter to state court. (Docket #17). The Court stayed briefing on the motions to dismiss, so that it could first address the motion to remand. (Docket #19). The parties have fully briefed the motion to remand, and the matter is now ripe for decision. (Docket #17, #21, #22, #24).

    TI Investors' motion to remand presents the Court with a single broad question: whether there is complete diversity between the plaintiff and the defendants.[1] In removing this matter, the defendants asserted diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a). (Docket #1). The matter is a

---

[1] The parties do not disagree over the fact that the amount in controversy in this matter exceeds the $75,000.00 required for diversity jurisdiction. (Docket #17, at 2).

landlord-tenant dispute based purely in state contract law (Docket #17, at 2), and thus federal question jurisdiction would be inappropriate. *See* 28 U.S.C. § 1331.

As such, TI Investors is, indeed, correct that the Court would lack jurisdiction over this matter if *any* of the defendants are not diverse parties. *See* 28 U.S.C. § 1332(a). Diversity jurisdiction requires that the parties be completely diverse; in other words, if there are citizens of the same state on both sides of a lawsuit, the Court does not have diversity jurisdiction over the case. *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993). The parties do not dispute that TI Investors is a citizen of Wisconsin (*see* Docket #1; #17, at 2). Therefore, if any of the defendants is a citizen of Wisconsin, the Court lacks diversity jurisdiction, and must remand the matter to state court.

With that understanding, the Court must determine whether the citizenship of XFPG, LLC ("XFPG"), or Focus Products Group International, LLC ("Focus Products"), strips the Court of diversity jurisdiction. The Court will separately analyze the citizenship of both XFPG and Focus Products and the legal effect thereof.

1. XFPG CITIZENSHIP

The parties do not dispute that XFPG is a citizen of Wisconsin for diversity purposes. (*See, e.g.*, Docket #21, at 2, n. 2 (correctly acknowledging that XFPG must be treated as a citizen of Wisconsin, because one of its members is a citizen of Wisconsin, *see Belleville Catering Co. v. Champaign Marketplace, LLC*, 350 F.3d 691, 692 (7th Cir. 2003); Docket #17, at 2)).

The parties do, however, disagree over the legal effect of XFPG's citizenship. The defendants argue that XFPG is a "nominal party," whose

citizenship should not count in determining diversity jurisdiction. (Docket #21, at 3 (citing *SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991); *Slater v. Republic-Vanguard Ins. Co.*, 650 F.3d 1132, 1134 (8th Cir. 2011); *Navarro Savs. Ass'n v. Lee*, 446 U.S. 458, 461 (1980))). TI Investors disagrees. (Docket #17, at 2–3).

Thus, there is a single dispositive question on this subject: whether XFPG is a nominal party. If so, then the Court has diversity jurisdiction; if not, then the Court must remand this matter to state court.

For making diversity determinations, the Court may look only to real parties in interest, and must ignore any nominal parties. *Navarro Savings Association v. Lee*, 446 U.S. 458, 461 (1980); *Matchett v. Wold*, 818 F.2d 574, 576 (7th Cir. 1987), *cert. denied*, 484 U.S. 897 (1987). Real parties are those who, "according to applicable substantive law, ha[ve] the duty sought to be enforced or enjoined." Moore's Fed. Practice 3d, § 102.15; *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993). Real parties may also take the form of "necessary" or "indispensable" parties, under Federal Rule of Civil Procedure 19. *Cherif*, 933 F.2d at 414, n. 13; *R.C. Wegman Const. Co. v. Admiral Ins. Co.*, 629 F.3d 724, 726 (7th Cir. 2011), *reh'g denied*, 634 F.3d 371 (7th Cir. 2011). Nominal parties, on the other hand, typically have "no ownership interest in the property which is the subject of litigation," and instead typically hold "the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute." *Cherif*, 933 F.2d at 414 (citations omitted). In other words, nominal parties often merely hold property that is the subject of litigation, but have no interest in the actual subject matter of the litigation—"it is of no moment to [nominal parties]

whether the one or the other side in the controversy succeeds." *Id.* This lack of any interest in outcome in the proceeding or any claim against the party makes the party nominal, meaning that its citizenship is irrelevant for the diversity determination. *Id.*

The question of whether XFPG is a real or nominal party is a close one, and a bit of background on this case and XFPG's role therein will be helpful in answering it. According to the amended complaint,[2] XFPG entered into a lease with TI Investors' predecessor-in-interest. (Am. Compl. ¶ 8). At some point thereafter, XFPG conveyed the lease and all of its other assets to Focus Products under an asset purchase agreement. (*See, e.g.*, Am. Compl. ¶¶ 9–10, 16–19). After being assigned the lease, Focus Products informed TI Investors that it would no longer abide by the terms of the lease. (Am. Compl. ¶¶ 11–12). TI Investors then sued XFPG and Focus Products (as well as a number of other related parties) seeking: (1) damages for repudiation of contract (Prayer for Relief ¶ A); (2) a declaration holding Focus Products to be the successor of XFPG (Prayer for Relief ¶ B); (3) a determination that the conveyance of XFPG's assets to Focus Products was fraudulent, and thus requires that XFPG receive compensation or that the transfer be set aside (Prayer for Relief ¶¶ C, D); and (4) various other forms of relief against the other parties (Prayer for Relief ¶¶ E, F).

---

[2] Federal Rule of Civil Procedure 15(a)(1)(B) provided TI Investors with the ability to amend its original complaint "once as a matter of course" within "21 days after services of a motion under Rule 12(b)…" Thus, because TI Investors' Amended Complaint was their first and was filed less than 21 days after they were served with the defendants' motions to dismiss, the Court must treat the Amended Complaint as TI Investors' operative pleading.

Given this factual backdrop, the Court is obliged to determine that XFPG is not a nominal party.[3] Simply put, XFPG's interest is not quite so insignificant as to be deemed nominal. The *Cherif* court acknowledged only that parties with mere possession over property in question—to whom it is "of no moment" who succeeds in the matter—are nominal parties. *Cherif*, 933 F.2d at 414. XFPG's interest is not of that nature: rather, XFPG has a distinct interest in this matter, insofar as it stands to revert to a possessory interest if its conveyance to Focus is set aside as fraudulent. Furthermore, to the extent that XFPG is deemed to be the owner of the property, perhaps as a result of a finding of fraudulent conveyance, then XFPG may indeed be liable for anticipatory breach, as asserted by TI Investors. While it is not entirely clear that XFPG is a *required* party, Wisconsin Courts have not dismissed other similar claims against similar parties. *See Hatleberg v. Norwest Bank Wisconsin*, 2004 WI App 48, ¶ 2, 271 Wis. 2d 225, 678 N.W.2d 302 (not dismissing

---

[3] Because jurisdiction here allegedly rests upon diversity, the Court must look to the choice-of-law jurisprudence of Wisconsin (the "forum state") to determine which state's substantive law should apply. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941). Courts in Wisconsin generally presume that Wisconsin law will apply unless the following contacts clearly favor application of another jurisdiction's law: (1) predictability of results; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law. *State Farm Mut. Auto. Ins. Co. v. Gillette*, 2002 WI 32 ¶¶ 51–54, 251 Wis.2d 561, 641 N.W.2d 662. Here, the parties are from multiple jurisdictions, including Wisconsin, Illinois, Pennsylvania, and New York, and the transactions took place across multiple state lines. Picking apart all five of the *Gillette* factors would not lead the Court to finding that any one state's law should clearly apply—especially at this early stage of the proceedings when the factual record is not clear and the parties have not briefed the issue. Therefore, it is safe to presume that Wisconsin law should apply under Wisconsin's choice-of-law jurisprudence, and the Court will do so. *Gillette*, 2002 WI 32 ¶ 51.

predecessor-in-interest named as a defendant in a breach of fiduciary case), *aff'd on other grounds*, 2005 WI 109, 283 Wis. 2d 234, 700 N.W.2d 15; *Wisconsin Mall Properties, LLC v. City of Green Bay*, 2009 WI App 56, ¶ 3, 317 Wis. 2d 731, 768 N.W.2d 63 (not dismissing named defendant, Younkers, which had since merged with another named defendant, Saks, when the latter was alleged to have breached a contract). While those cases do not stand clearly for the proposition that TI Investors can or will recover from XFPG, they at least demonstrate that Wisconsin's courts have allowed claims to proceed against similar parties. In this case, given TI Investor's potential for recovery against XFPG, in conjunction with XFPG's very real interest in the possibility that its former assets will be returned to it, the Court must conclude that XFPG is not a nominal party.

This conclusion is strengthened by the fact that the Court must construe the removal statute narrowly, resolving any doubts it may have against allowing removal. *See, e.g., Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.*, 224 F.3d 708, 715-16 (7th Cir. 2000); *In re Application of County Collector of the County of Winnebago*, 96 F.3d 890, 895 (7th Cir. 1996); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993); *Illinois v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 576 (7th Cir. 1982). The parties seeking removal—the defendants, here—have the burden to establish federal jurisdiction. *Allied-Signal*, 985 F.3d at 911 (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). They have failed to do so, leaving the Court with many doubts over whether removal was appropriate. Therefore, the Court is obliged to resolve this question against removal and remand the matter to state court.

Page 6 of 7

Case 2:13-cv-00520-JPS   Filed 07/15/13   Page 6 of 7   Document 25

For all of these reasons, the Court is obliged to grant TI Investors' motion to remand this matter to state court. (Docket #17). Because the Court remands this matter, it will not address the defendants' motions to dismiss, as they are not properly before this Court.

Accordingly,

IT IS ORDERED that the plaintiff's motion to remand this matter to state court (Docket #17) be and the same is hereby GRANTED, and this matter shall be REMANDED to Kenosha County Circuit Court.

The Clerk of Court is directed to take all appropriate and necessary steps to effectuate the remand back to the Kenosha County Circuit Court.

Dated at Milwaukee, Wisconsin, this 15th day of July, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Page 7 of 7

Case 2:13-cv-00520-JPS   Filed 07/15/13   Page 7 of 7   Document 25